# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2247 | **DATE** | 2/15/2013 |
| **CASE TITLE** | Matthew Bias vs. Michael J. Astrue, Commissioner of Social Security | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act [39] is granted. Plaintiff is awarded $11,780.50 in attorneys' fees and $34.03 in costs for a total award of $11,814.53.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA") is granted. Plaintiff is awarded $11,780.50 in attorneys' fees and $34.03 in costs.

Plaintiff Matthew Bias ("plaintiff") applied for Disability Insurance benefits under Title II of the Social Security Act, and was found not disabled by the administration. On April 30, 2012, this Court entered an opinion reversing and remanding the administration's decision. Plaintiff now seeks to recover a total of $11,780.50 in attorneys' fees and $34.03 in costs, pursuant to the EAJA, 28 U.S.C. § 2412.

To recover fees under the EAJA, a litigant must establish that (1) he is a "prevailing party," (2) the government's position was not "substantially justified," (3) there exists no special circumstances that would make an award unjust, and (4) he filed a timely application with the district court.[1] Costs are also recoverable under 28 U.S.C. § 2412(a)(10).

Here, the Commissioner does not dispute that plaintiff has satisfied the above requirements and is entitled to an award of fees and costs in this case. Plaintiff has submitted an "EAJA Itemization of Time" showing that his counsel worked a total of 64 hours. The legal assistants worked an additional 1.9 hours.[2] Plaintiff's counsel seeks an attorney's rate of $181.25 per hour based on the Consumer Price Index ("CPI") for the "All Items" figure as measured by the U.S. Department of Labor's Bureau of Labor statistics for October 2011, the month when the majority of legal work was performed by counsel in this claim.[3] Plaintiff also seeks $95 per hour for the legal assistant work, and $34.03 in costs.[4]

The Commissioner does not challenge the reasonableness of the number of attorney or legal assistant hours worked, the $95 hourly rate requested for the legal assistant work, or the amount of costs sought. Instead, the Commissioner only takes issue with the $181.25 requested hourly rate for plaintiff's counsel.

| STATEMENT |
|---|

Pursuant to the EAJA, the amount of attorneys' fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[5] Put another way, the EAJA caps the recoverable rate at $125 unless the plaintiff can show that a higher rate is otherwise justified.

The Commissioner argues that plaintiff fails to show that an enhanced hourly rate is justified and that an award of no more than $125.00 per hour is required. The Commissioner interprets the Seventh Circuit case of *Mathews-Sheets v. Astrue*[6] to hold that a rate adjustment is prohibited unless the plaintiff can show that no attorney in the Chicago area would be willing and available to competently handle the plaintiff's appeal without a cost of living increase to the requested hourly rate.[7] Oddly, the Commissioner repeatedly makes this argument in these cases despite the majority of courts in this district having already rejected this interpretation of *Mathews-Sheets*.[8]

For example, in *Mireles v. Astrue*,[9] Judge Feinerman recognized that "the statute allows for a rate increase above $125 per hour under either of two circumstances: if 'the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"[10] The court went on to note that Congress's use of the disjunctive "or" indicates that inflation and the limited availability of competent attorneys (a 'special factor') are both alternate routes to an enhanced hourly rate above $125.[11] Therefore, when seeking a higher fee based on an increase in the cost of living due to inflation, a litigant need only establish two things: "(1) that the cost of living in the region has indeed increased to the degree of his requested adjustment, and (2) that his attorney's costs of providing legal services have increased in a manner that tends to show that inflation has indeed raised those costs."[12]

Plaintiff supports the adjustment from $125 to $181.25 by first referring to the CPI Index for the "All Items" figure. It shows substantial inflation since 1996, when Congress amended the EAJA to raise the hourly rate ceiling to $125. Specifically, plaintiff's counsel calculates the requested hourly rate by subtracting a base CPI of 155.7 from an alleged October 2011 CPI of 226.421, yielding an increase of 70.72.[13] But these calculations do not match the numbers on the CPI attached to plaintiff's motion.[14] After much review, the Court determined that plaintiff's counsel mistakenly attached the CPI for the Chicago-Gary-Kenosha regions, yet based his calculations on the "All items" index. After employing the "All items" figure for October 2011, the Court confirms that, indeed, counsel's calculations match the "All items" CPI.[15]

The Commissioner then cites *Oatis v. Astrue*,[16] where the same counsel was awarded no more than the $125 statutory cap. But in *Oatis*, counsel had failed to provide the court with the supplemental information required by *Mathews-Sheets* to justify an enhanced hourly fee. Here, counsel has submitted the required materials. He submits affidavits of other practicing Social Security attorneys whose hourly rates for comparable work range from $165 to $500 per hour.[17] Counsel's non-contingency hourly rate has also increased by 52% since 1996.[18] Further, plaintiff's counsel avers that he has increasing costs for office rent (3% annually), employee salaries (5% to legal staff and 3% to 4% for administrative staff annually), health insurance (an increase of at least 100% since 1996), and other costs associated with the practice of law, such as Westlaw fees, continuing legal education conferences, and the cost of file folders.[19] The Commissioner argues that plaintiff has not shown that the increase in costs are due solely to inflation. But plaintiff's counsel specifically states that the increase in rent does not take into consideration a move to a larger office, only increases charged by the landlords. Plaintiff's counsel also notes that increases in staff salaries are related only to the necessities of keeping pace with salaries paid by other law firms and that the increase in health insurance costs is a direct result of increased premiums.

| STATEMENT |
|---|
| Finally, the Commissioner argues that the EAJA award should be payable to plaintiff himself rather than his attorney.[20] Although the Supreme Court held in *Astrue v. Ratliff*[21] that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," the Seventh Circuit interpreted *Ratliff* to hold that "if there is an assignment [by the litigant of a prospective fee award to his attorney], the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that maybe prior to what she owes her lawyer."[22] The court went on to explain that if "[t]here is no indication of that in this case, to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer."[23] Because there is no indication of debt in this case, the Court grants plaintiff's requests that any EAJA fees awarded be made payable directly to his attorney, pursuant to the assignment of fees set forth in plaintiff's fee agreement with his counsel.[24] |

1. 28 U.S.C. §§ 2412(d)(1)(A)-(B); *Cunningham v. Barnhart,* 440 F.3d 862, 863 (7th Cir. 2006).

2. Pl.'s Mot., exh. C.

3. Pl.'s Mot. at ¶ 12.

4. Pl.'s Mot., exh. C.

5. *Mathews-Sheets v. Astrue,* 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

6. 653 F. 3d 560 (7th Cir. 2011).

7. Def.'s Resp. at 7.

8. *See Carson v. Astrue,* No. 11-CV-0636, 2012 WL 3562771, at *2 (S.D. Ill. Aug. 17, 2012) (rejecting the Commissioner's reading of *Mathews-Sheets* and granting an adjustment based on the attorneys' representations that his costs had risen); *see also Just v. Astrue,* No. 11-C-1856, 2012 WL 2780142, at *2 (N.D. Ill. Jul. 9, 2012) ("it is more likely that *Mathews-Sheets* only requires that a claimant present evidence showing a general increase in attorneys' fees in the relevant geographical area due to inflation, such that the legal market should not sustain an hourly rate of $125"); *Shipley v. Astrue,* No. 10-CV-1311, 2012 WL 1898867, at *3 (S.D. Ind. May 23, 2012) ("[t]his court does not read *Mathews-Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living since 1996 only where the lawyer can prove that qualified attorneys would not otherwise be available.").

9. *Mireles v. Astrue*, No. 10-C-6947, 2012 WL 4853065, at *2 (N.D. Ill. Oct. 11, 2012)

10. *Mireles,* 2012 WL 4853065 at *2 (citing 28 U.S.C. § 2412(d)(2)(A) (emphasis added)).

11. *See id.*

12. *Mireles*, 2012 WL 4853065 at *3.

13. Pl.'s Mot., exh. C.

14. Pl.'s Mot., exh. A.

15. The district courts in the Seventh Circuit use both the average CPI and regional CPI without a clear preference for either. *See Seabron v. Astrue,* No. 11-C-1078, 2012 WL 1985681, at *2 (N.D. Ill. Jun. 4, 2012) (citing *Hamrick v. Astrue,* No. 09-CV-179, 2010 WL 3862464, at *3 (N.D. Ind. 2010) ("[i]t appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks.")).

16. No. 10 C V 6045, 2012 WL 963104 (N.D. Ill. Mar. 20, 2012).

17. Pl.'s Mot. at ¶ 16, exhs. D, E, F, and G.

18. Pl.'s Mot. at ¶ 16.

19. Pl.'s Mot. at ¶ 16.

20. Def's Resp. at 8-10.

21. 130 S. Ct. 2521 (2010).

22. *Mathews-Sheets*, 653 F.3d at 565-66.

23. *Id.*

24. *See Mireles*, 2012 WL 4853065, at *6.